O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBBIN KEITH JERRO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-3775-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Robbin Keith Jerro ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for disability insurance benefits and supplemental security income benefits. On appeal, the Court concludes that the ALJ erred in determining that Plaintiff did not overcome the presumption of continuing nondisability. Therefore, the ALJ's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## BACKGROUND

Plaintiff filed initial applications for Social Security disability insurance benefits and supplemental security income benefits on June 16, 2010 and June

17, 2010, respectively. Administrative Record ("AR") 104. In both applications Plaintiff alleged disability beginning February 2, 2010. AR 104. Plaintiff's applications were denied and a hearing by an ALJ was held. On November 10, 2011, ALJ Sally Reason ("Judge Reason") issued an unfavorable decision. AR 104-12. Judge Reason found that Plaintiff had the severe impairments of back pain, shoulder pain status post removal of lipoma, and depression. AR 106. Judge Reason also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 107. Judge Reason determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with some postural restrictions so long as he was limited to unskilled work with limited social or public contact. AR 108. Accordingly, Judge Reason determined that Plaintiff was capable of performing his past relevant work as a hospital housekeeper. AR 111. That decision was not appealed and became final.

Plaintiff subsequently filed applications for disability insurance benefits and supplemental security income benefits on January 23, 2012, and February 1, 2012, respectively. AR 251-59. Plaintiff alleged the same February 2010 onset date as in his 2010 applications. AR 251, 253. On January 17, 2014, a second ALJ issued an unfavorable decision. AR 24-43. Because the alleged onset date included a period that was previously adjudicated, and Plaintiff was found not disabled, the ALJ evaluated Plaintiff's alleged disability from November 11, 2011, the date of the previous unfavorable decision. AR 42. In reaching his decision, the ALJ incorporated Judge Reason's findings and found that Plaintiff had the severe medically determinable impairments of back pain with diagnostic imaging evidence of degenerative changes of the lumbar spine; shoulder pain, status post removal of lipoma; and depressive disorder. AR 32. The ALJ likewise determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of

one of the listed impairments. AR 33. The ALJ also found that Plaintiff failed to establish a "change in circumstances" sufficient to overcome the presumption of continuing nondisability; as a result, the ALJ applied Judge Reason's RFC. See AR 36 ("I must adopt Judge Reason's [RFC assessment]"). Accordingly, the ALJ determined that Plaintiff could perform his past relevant work. AR 41-42.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly determined that Plaintiff did not overcome the presumption of continuing nondisability. See Joint Stipulation ("JS") at 4-20.

## III.
## DISCUSSION

Plaintiff contends that the ALJ should have found that he rebutted the presumption of continuing nondisability arising from Judge Reason's adverse decision. JS at 4-9. Specifically, Plaintiff contends that his schizoaffective disorder was a "new impairment" that Judge Reason did not consider. Id. at 7-9. As a result, Plaintiff argues, the second ALJ should not have relied on and incorporated Judge Reason's findings. Id. at 8-9. The Court agrees.

A. **Applicable Law**

The principles of res judicata apply to an administrative decision if "a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues . . . has become final by either administrative or judicial action." 20 C.F.R §§ 404.957(c)(1), 416.1457(c)(1). A previous final determination of nondisability creates a presumption of continuing nondisability with respect to any subsequent unadjudicated period of alleged disability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1996) (as amended); Social

Security Acquiescence Ruling ("SSAR") 97-4(9), 1997 WL 742758.[1]

This presumption may be overcome by a showing of "changed circumstances." Chavez, 844 F.2d at 693; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). To show "changed circumstances," the evidence must establish that the claimant suffers from an impairment that indicates a greater disability since the prior decision denying benefits. Chavez, 844 F.2d at 693. Changed circumstances may include "a change in the claimant's age category . . ., an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." SSAR 97-4(9), 1997 WL 742758, at *3.

**B.  Plaintiff Presented Sufficient Evidence to Rebut the Presumption of Continuing Nondisability**

The record contains significant evidence that Plaintiff had additional mental impairments beyond depression at the time of the second ALJ's decision. On December 2, 2011, Plaintiff was diagnosed with severe major depressive disorder with psychotic features including audio and visual hallucinations. AR 420. The assessment from West Valley Medical Center also noted that Plaintiff's symptoms have impaired his ability to "maintain residence, employment, daily living, social activities, health." Id. On November 1, 2012, Plaintiff was diagnosed with schizoaffective disorder. AR 415. On September 4, 2013, another assessment from West Valley Medical Center noted a diagnosis of schizoaffective disorder, negative auditory hallucinations that commanded Plaintiff to hurt himself or others, auditory hallucinations that consisted of multiple voices at times conversing with each other and carrying on running commentary about Plaintiff's actions, and visual

---

[1] Acquiescence rulings are binding on all components of the Social Security Administration. See 20 C.F.R. § 402.35(b)(2).

hallucinations at night and day of a "shadow." AR 626. Additionally, the record shows that Plaintiff was prescribed anti-psychotic medication for schizophrenia sometime in 2012. AR 644; see also AR 623.

This new evidence constitutes sufficient clinical or diagnostic evidence to allege a new mental impairment that is distinct from the severe depressive disorder considered by Judge Reason.[2] At the very least, the evidence shows a worsening of Plaintiff's mental impairments since the November 10, 2011 decision. Therefore, it was improper for the ALJ to apply the presumption of continuing nondisability when deciding the instant applications. See, e.g., Lester, 81 F. 3d at 828 (finding evidence that claimant's application alleged a mental impairment not raised in previous application nor addressed in decision denying that application sufficient to rebut presumption of nondisability); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (finding presumption of nondisability rebutted by evidence of diagnosis of new impairment and evidence that previous impairment had become increasingly severe). Even if Plaintiff's newly alleged impairments are not severe, he has still defeated the presumption of continuing nondisability by raising a new issue in the later applications. See Vasquez v. Astrue, 572 F.3d 586, 598 n.9 (9th Cir. 2009) (noting that "all an applicant has to do to preclude the application of res judicata is raise a new issue in the later proceeding").

---

[2] Although the ALJ noted that "the record refers to other alleged conditions," the ALJ decided that those conditions were not medically determinable "because they are mentioned only in passing, only in the context of claimant's subjective complaints, and/or only outside the period at issue." AR 33. The ALJ also stated that, "in the absence of sufficient clinical or diagnostic evidence," he is unable to find that Plaintiff had "any medically determinable impairments beyond those" found in the previous decision. Id. But, as detailed above, the record contains diagnostic evidence from the period at issue that directly contradicts the ALJ's findings.

      The Commissioner contends that remand is not warranted even if the Court finds that the ALJ should not have applied the presumption of continuing nondisability because the record shows that Plaintiff had conservative treatment and was noncompliant with some treatments. See JS at 14-5 (citing AR 39). Therefore, the Commissioner claims that any error is harmless because impairments that can be controlled effectively are considered not disabling. See id. (quoting Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006)). However, because the ALJ failed to properly discuss the new medical evidence, there is no analysis about how Plaintiff's impairment may have affected his ability to comply with his medical treatments. In fact, as noted above, an assessment on December 2, 2011 contends that Plaintiff's symptoms impaired his ability to maintain his health. See AR 420.

      Therefore, the Court cannot conclude that the ALJ's error in giving res judicata effect to the prior ALJ's decision was harmless. The ALJ clearly adopted and incorporated Judge Reason's findings in assessing Plaintiff's RFC. See AR 36 ("[T]he evidence fails to establish a 'change in circumstance' such that the residual functional capacity assessment of Judge Reason is no longer applicable . . . . Therefore, I must adopt Judge Reason's residual functional capacity assessment as the basis for Finding #5."). Additionally, the ALJ found that there was "nothing to indicate that the State Agency assessment was misplaced or inconsistent with the current evidence," and gave great weight to the State Agency medical and psychological consultants' findings that Judge Reason's decision remained applicable. AR 36. However, the ALJ failed to explicitly address or provide specific and legitimate reasons for rejecting the treating physicians' diagnosis about Plaintiff's schizoaffective disorder. Lester, 81 F.3d at 830-31 (holding that an ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-

treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion). Therefore, the Court cannot conclude that the ALJ's disability determination would have been the same had he found that Plaintiff had rebutted the presumption of continuing disability and not given res judicata effect to the prior ALJ's decision.

Accordingly, Plaintiff is entitled to reversal on the basis that the ALJ's finding that Plaintiff did not rebut the presumption of continuing nondisability was not supported by substantial evidence. On remand, the ALJ shall provide de novo review of Plaintiff's applications for benefits for the unadjudicated period of alleged disability following the November 10, 2011 decision.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated:   July 5, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge